**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CAREY LOUIS HOOD (#299810)**                                    **CIVIL ACTION**

**VERSUS**

**SAMANTHA ANGELLE, CAPTAIN, ET AL.**                              **NO. 09-0950-JVP-CN**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, April 21, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CAREY LOUIS HOOD (#299810)**                                              **CIVIL ACTION**

**VERSUS**

**SAMANTHA ANGELLE, CAPTAIN, ET AL.**                              **NO. 09-0950-JVP-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion to Dismiss and Supplemental Motion to Dismiss, rec.doc.nos. 10 and 27. These motions are opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Capt. Samantha Angelle, Warden N. Burl Cain and Secretary James LeBlanc, complaining that his constitutional rights were violated on March 12, 2009, when defendant Angelle subjected him to verbal abuse and refused to allow him to use the telephone. When the plaintiff thereafter submitted an administrative grievance regarding defendant Angelle's wrongful conduct, she allegedly retaliated against the plaintiff on March 17, 2009, by issuing false disciplinary reports, accusing him of "defiance" and an "aggravated sex offense", resulting in the plaintiff being sentenced to punitive segregated confinement at Camp J at LSP, where he was denied an opportunity for exercise. When the plaintiff filed administrative grievances and disciplinary appeals relative to defendant Angelle's alleged wrongful conduct, these proceedings were improperly rejected, denied or ignored by defendants Cain and LeBlanc. In addition, defendant Cain failed to respond to the plaintiff's requests for a polygraph examination to prove his innocence.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent

with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff alleges that on March 11, 2009, he was informed that his sister had died.  The next morning, he requested of defendant Samantha Angelle that she allow him to use the telephone to call his brother, whereupon she began to yell at him and refused his request.  Later that day, the plaintiff was allowed to use the phone by another officer, but he nonetheless complained about defendant Angelle's alleged wrongful conduct by filing an administrative grievance and by addressing correspondence to Warden Cain.  Thereafter, on March 17, 2009, defendant Angelle again approached and again subjected the plaintiff to verbal abuse.  In addition, she ordered him placed in administrative segregation on unspecified disciplinary charges.  When the plaintiff thereafter appeared before the disciplinary board on March 19, 2009, he learned that he was being charged with two counts of "defiance" and one count of an "aggravated sex offense".  After disciplinary proceedings during which he was allegedly denied due process (because he was not provided with copies of the disciplinary reports), he was ultimately found guilty and sentenced to punitive segregated confinement at Camp J at LSP. He complains that he was thereafter maintained in administrative segregation for thirty (30) days, pending transfer to Camp J, without any opportunity for exercise. Finally, the plaintiff complains that his administrative grievances and disciplinary appeal filed relative to the

foregoing were rejected, denied or ignored by defendants Cain and LeBlanc, and that when he requested a polygraph test to prove that the referenced disciplinary charges were false, his requests were ignored by defendant Cain.

Addressing first the defendants' initial Motion to Dismiss, rec.doc.no. 10, the Court concludes that this motion should be denied. In the first place, the motion seeks dismissal of the plaintiff's claims for the reason that he has assertedly failed to allege a physical injury within the meaning of 42 U.S.C. § 1997e(e)(which statute bars recovery for mental or emotional injuries in the absence of a physical injury). Notwithstanding any potential merit to this assertion, the law is clear that, even without a physical injury, the plaintiff is still entitled to recovery of nominal and punitive damages. See Hutchins v. McDaniels, 512 F.3d 193 (5th cir. 2007). Accordingly, the defendants' assertion in this regard should be rejected.[1] Second, the defendants contend in this motion that the plaintiff has failed to state a claim because, "a prisoner has no constitutional right to be housed in any particular prison, ... has no right to a particular classification under the law, and has no constitutional right to a hearing prior to a transfer or prior to losing a particular prison status." Even if this is a correct statement of the law, the Court does not interpret the plaintiff's Complaint as asserting a claim relative to these issues. Rather, the Court interprets the plaintiff's Complaint as making a claim principally of false and retaliatory disciplinary action taken in response to his exercise of First Amendment rights, followed by due process violations during ensuing disciplinary proceedings, by confinement for thirty (30) days without any

---

[1] The Court further notes that, in an Amended Complaint, rec.doc.no. 24, the plaintiff has alleged physical injury resulting from his placement in segregated confinement and his lack of opportunity for exercise at that location.

opportunity for exercise, and by punishment through placement in extended lockdown.  Accordingly, the defendants' motion is without merit relative to this assertion.  Finally, the defendants seek dismissal in this motion of certain of the plaintiff's claims for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.  A consideration of the exhaustion issue, however, requires a review of evidentiary materials outside of the pleadings, notably a review of the plaintiff's administrative remedy proceedings; and in the context of a motion to dismiss pursuant to Rule 12(b)(6), it is well-settled that the motion is to be addressed and decided on the basis of the pleadings alone, and matters outside of the pleadings are not to be considered.  Accordingly, the Court finds that the defendants' initial Motion to Dismiss, rec.doc.no. 10, is without merit and should be denied.

Turning to the defendants' Supplemental Motion to Dismiss, rec.doc.no. 27, the defendants first seek dismissal of the plaintiff's claims asserted against them for monetary damages in their official capacities.  In this regard, the Eleventh Amendment to the United States Constitution prohibits the bringing of a lawsuit in federal court seeking monetary damages against a state, its agencies, or persons acting as official representatives thereof.  In Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity suits and individual capacity suits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.[2]  Id.

---

[2] In comparison, a suit against a state official in his individual or personal capacity, seeking to impose individual liability upon a government official for actions taken by the official under color of state law, is not treated as a suit against the state.  Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is enough

Accordingly, the defendants' motion is well-taken in this regard, and the plaintiff's claims for monetary damages asserted against the defendants in their official capacities should be dismissed.

The defendants next contend that the plaintiff's claims for injunctive relief should be dismissed. In this regard, the plaintiff prays that defendant Angelle be demoted or fired, that he be released from segregated confinement, and that the disciplinary charges be removed from his prison record. The plaintiff is not entitled to the relief requested. First, even if he establishes that the disciplinary reports issued by defendant Angelle were motivated by retaliatory animus, this Court will not insinuate itself into the hiring and firing decisions of state employees. Further, with regard to the plaintiff's prayer that he be released from segregated confinement, the law is well-settled that the classification of prisoners is a matter left to the broad discretion of prison officials, Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983), and inmates have no right to a particular classification under state law. Id. See also McGruder v. Phelps, 608 F.2d 1023, 1026 (5th Cir. 1979). So long as the conditions and degree of confinement are within the sentence imposed on an inmate and do not otherwise violate the Constitution, the Due Process Clause does not in itself subject a prison official's treatment of an inmate to judicial oversight. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Finally, with regard to the plaintiff's prayer for removal of the offending disciplinary reports from his prison record, the United States District

---

to establish personal liability in a § 1983 lawsuit. Id. Further, a state official in his or her official capacity, when sued for injunctive relief, is not a prohibited defendant because official capacity actions for prospective relief are not treated as actions against the state. Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). See also 15 Am.Jur.2d Civil Rights § 101.

Court lacks jurisdiction to review actions in the nature of mandamus to compel state officers or employees to perform duties owed the plaintiff. Rothstein v. Montana State Supreme Court, 637 F.Supp. 177 (D.Mont. 1986); 28 U.S.C. § 1361. Accordingly, the defendants are correct that the plaintiff's claims for injunctive relief are subject to dismissal.

The defendants next seek dismissal of the plaintiff's claims asserted against defendants Cain and LeBlanc in their individual capacities, contending that the plaintiff fails to state a claim of constitutional dimension against them. The Court finds that the defendants' motion in this regard is also well-taken. Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it appears that the plaintiff has made no allegation that defendants Cain or LeBlanc have taken any action which may be characterized as a violation of the plaintiff's constitutional

rights.  Specifically, he makes no assertion that these defendants participated directly or personally in the referenced incidents of March 12 and 17, 2009, or had any involvement in the plaintiff's disciplinary proceedings thereafter.  The sole allegation which the plaintiff makes against these defendants is that they knew about the false disciplinary reports, about the plaintiff's placement in segregated confinement and about the plaintiff's medical problems, but failed to take action to investigate or respond to same.  These after-the-fact assertions do not state a claim of personal participation by these supervisory officials.  Accordingly, it is clear that the plaintiff has failed to allege the requisite personal participation by these defendants in the violations alleged.  Moreover, to the extent that the plaintiff's allegations may be interpreted as asserting that these defendants improperly denied, rejected or ignored his administrative grievances, disciplinary appeals and letters of complaint, and failed to respond to his requests for a polygraph examination, the plaintiff is not constitutionally entitled to an investigation of his complaints and grievances or to a favorable response thereto. Cf., Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). See also Dayse v. Alford, 43 F.3d 671 (5th Cir. 1994)(rejecting as frivolous claim by inmate regarding denial of polygraph test); Logan v. Dawson, 2010 WL 101281 (M.D. La., Jan. 11, 2010)("Plaintiff's allegation that Warden Cain failed to respond to his letters to provide him with a requested polygraph examination does not rise to the level of a constitutional violation").  Accordingly, the plaintiff's claim regarding any alleged failure of defendants Cain and LeBlanc to investigate or respond to his administrative grievances or complaints are without legal foundation and must be dismissed.

Finally, having determined that the plaintiff has failed to state a claim upon which relief may be granted against defendants Burl Cain and

James LeBlanc, the Court need not address the remaining argument in the defendants' motion that the plaintiff is not entitled to recover punitive damages from these defendants.[3]

RECOMMENDATION

It is recommended that the defendants' **Motion to Dismiss**, rec.doc.no. 10, be denied.  It is further recommended that the defendants' Supplemental Motion to Dismiss, rec.doc.no. 27, be granted, dismissing the plaintiff's claims for monetary damages asserted against the defendants in their official capacities, dismissing the plaintiff's claims for injunctive and declaratory relief, and dismissing the plaintiff's claims asserted against defendants Burl Cain and James LeBlanc in their entirety.  It is further recommended that this matter be referred back for further proceedings in connection with the plaintiff's claims asserted against defendant Samantha Angelle in her individual capacity.

Signed in chambers in Baton Rouge, Louisiana, April 21, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3] The defendant's Supplemental Motion to Dismiss does not seek dismissal of the plaintiff's claims asserted against defendant Samantha Angelle for monetary damages in the defendants' individual capacity.