**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

CAREY LOUIS HOOD (#299810)                                    CIVIL ACTION

VERSUS

SAMANTHA ANGELLE, CAPTAIN, ET AL.                             NO. 09-0950-JVP-CN

**O R D E R**

This matter comes before the Court on the plaintiff's Motion to Compel, rec.doc.no. 64. This motion is opposed.

The plaintiff initially complains of the defendant's failure to fully respond to Interrogatory No. 1 of his Revised Interrogatories, which requested the number of administrative grievances filed against the defendant while she has been employed at the Louisiana State Penitentiary ("LSP").[1] This request shall be denied as overly broad and unduly burdensome. Although evidence of prior bad acts by a defendant may be admissible under certain circumstances to establish motive, opportunity, intent, preparation, plan, knowledge or identity, Fed. R. Evid. 404(b), the plaintiff's request for any and all accusations of wrongdoing made by inmates against the defendant over a period of ten years, not limited to the nature of the accusations made nor shown to have any indicia of reliability, appears only to seek prohibited evidence regarding the defendant's character or to suggest that she acted in conformity

---

[1] The defendant complains that the plaintiff has propounded more than the ten (10) interrogatories authorized by the Court in its Order of November 9, 2009, rec.doc.no. 6. The plaintiff counters that he has submitted his Revised Interrogatories, ten in number, in response to the defendant's objection to the majority of his first set of interrogatories. In the interest of justice, the Court will address the substance of the parties' contentions relative to the instant discovery.

therewith, which evidence is not admissible under this Rule.

The plaintiff next complains of the defendant's failure to respond to Interrogatory No. 5 of his Revised Interrogatories, which requested information regarding an announcement allegedly made in April, 2009, by Warden Burl Cain at LSP, that approximately 70 inmates had been falsely accused by an unnamed female officer of committing sex offenses at the prison. This request shall also be denied. The mere fact that an unnamed security officer, not alleged to be the defendant, may have acted improperly in accusing inmates of committing sex offenses, even if true, does not have any tendency to show that defendant Angelle falsely accused the plaintiff of committing a sex offense on March 17, 2009.

The plaintiff next complains of the defendant's failure to respond to Interrogatory No. 7 of his Revised Interrogatories, which requested information regarding rules or policies at LSP relative to the wearing of handcuffs or shackles by inmates assigned to the working cellblocks. The plaintiff asserts that he seeks this information to show that he has many times been in proximity to the defendant while not wearing restraints. This information is irrelevant. It is undisputed in this case that the plaintiff was wearing restraints on the date of the subject incident while being escorted to an appointment at the LSP Doctor's Clinic. The mere fact that the plaintiff may have been in proximity to the defendant on other occasions, without restraints and without incident, has no tendency to establish any fact at issue in this case.

The plaintiff next complains of the defendant's failure to respond to Interrogatory No. 10 of his Revised Interrogatories, which requested the identities and current location of co-inmates who were on medical call-out with the plaintiff on March 17, 2009. The plaintiff asserts that he needs this information in order to identify witnesses to the

incident occurring on that date.  Although the defendant objects that this information is confidential under the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320d, et seq., the Court concludes that the mere fact that these co-inmates had appointments to see a physician on the date of the incident, particularly in light of the fact that the plaintiff was apparently present and observed these co-inmates at the Doctor's Clinic, does not result in the disclosure of confidential information under the Act.  Accordingly, the Court will direct the defendants to respond to this Interrogatory.

Finally, the plaintiff complains of the defendant's failure to respond to his Revised Requests for Production Nos. 1 and 2, which sought documentation relative to any and all disciplinary violations charged against the plaintiff since 2004 and documentation relative to the 70 co-inmates who were allegedly falsely charged with having committed sex offenses at LSP and about whom Warden Cain made an announcement in April, 2009.  The Court agrees with the defendants that these documents are not relevant to this proceeding.  Accordingly, the defendants will not be compelled to respond to these requests.[2]

Accordingly, based on the foregoing,

**IT IS ORDERED** that the plaintiff's Motion to Compel, rec.doc.no. 64, be and it is hereby **GRANTED IN PART,** such that the defendants are

---

[2] The plaintiff also complains of the defendant's alleged failure to sign her responses to the plaintiff's discovery as mandated by the Federal Rules of Civil Procedure.  However, inasmuch as the defendant has now provided certification that her responses are true and correct, see rec.doc.no. 66, this issue is now moot.

directed to provide a response to Interrogatory No. 10 of the plaintiff's Revised Interrogatories within fourteen (14) days of the date of this Order, and **DENIED IN ALL OTHER RESPECTS.**

Signed in chambers in Baton Rouge, Louisiana, January 5, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**